Lee, J.
The plaintiff in error, who was a free negro, was charged before the mayor of the city of Richmond with remaining in the commonwealth contrary to law, after having forfeited his right to return to the state or remain therein, by going to a nonslaveholding state. Upon this charge he was tried, and being adjudged to have violated the law in this respect, he was required to give bond in the penalty of five hundred dollars, with condition that he would leave the state within ten days. From this sentence he prayed an appeal to the Hustings court, and offered to give any security that might be required; but the mayor, not thinking him entitled to an appeal in such a case, refused to grant it. He then presented a petition to the Circuit court of the city of Richmond, setting out the facts, and verified by affidavit, praying a mandamus to compel the mayor to grant him an appeal ; but that court, upon consideration of the matter, refused to grant the writ prayed for; and he then *294 presented a petition to this court praying a supersedeas to the order of the Circuit court refusing the mandamus, which was allowed.
I think there can be no question as to the power of this court to review the action of a Circuit court in refusing to award a mandamus upon an appeal from or writ of error or supersedeas to the order refusing the same. The order is final, and in a case involving a civil right, not a matter of controversy merely pecuniary, and the case is thus within the general terms of the law providing the appellate jurisdiction; and the 9th and 10th sections of the act of June 5th, 1852, (Sess. Acts 1852, p. 53,) although they do not in tolidem verbis declare that an appeal, &c. shall lie to the Court of appeals from the judgment of a Circuit court in a case of mandamus, yet they do so in effect; for they provide that when a petition for an appeal, &c. in such a case shall be presented, the certificate of counsel as to the propriety of reviewing the decision may be counsel or attorney of the Supreme court of appeals or a District court; and if the appeal, &c. be allowed, that the case shall be docketed in the Supreme court, unless the petitioner ask that it be docketed in a District court; in which case it may be docketed in such last named court, subject to be transferred to the Supreme court of appeals in the manner provided in the act. The review of an order refusing a mandamus is in entire conformity’' with the long settled previous practice of this court in similar cases. In Mayo v. Clark, 2 Call 276, a District court had refused to grant a supersedeas to an order of a County court concerning a road. The Court of appeals refused to grant a mandamus to compel the District court to grant the supersedeas, hut did grant a supersedeas to . the order of the District court refusing it. In another case a Superior court of law had refused to grant a mandamus to compel a County court in which an action *295 had been brought against a party claiming to be a lieutenant in the navy of the United States and a citizen of Pennsylvania, to remove the case into the United States court pursuant to the act of congress on that subject. The Court of appeals reversed the order of the Circuit court refusing the mandamus, and proceeded to award it. Several other cases may be found in which the Court of appeals has allowed writs of supersedeas to orders of inferior courts refusing to grant writs of mandamus. Dawson v. Thruston, 2 Hen. & Munf. 132; Dew v. Judges of Sweet Springs District Court, 3 Hen. & Munf. 1; Manns v. Givens, 7 Leigh 689.
The 28th and 29th sections of chapter 198 of the Code, p. 745, prohibiting the migration of free negroes into this commonwealth, or the return of one who has once gone to a nonslaveholding state, contain provisions of a highly penal character, to be enforced in the manner therein prescribed. They cannot be called “police regulations” in any other sense than one affecting the state at large. They cannot properly be so called in the usual and restricted sense of those terms, which applies them to the ordinances enacted by the local authorities of a town or city for its internal government, and the preservation of good order within its limits. Any violation of these provisions constitutes an offence against the laws of the commonwealth, for which the party is liable to be arrested and summarily dealt with as the act provides ; and it cannot be distinguished from a breach of any other penal enactment embracing the whole state, to be found in the Code. It is true that in this case no other sentence has been pronounced than that the party must give the bond to leave the statfe, and no order for stripes has been yet made ; and if the bond be given, the party is no longer liable to the stripes. But he is under arrest, and if the bond be not given, the order for the stripes may be made at any time, and *296 may be repeated from time to time. If the bond be given, the penalty is forfeited if he fail to leave the state within the ten days, or if, having left it, he should afterwards return within its limits. And in an action upon the bond to recover the penalty, he cannot defend himself by showing that he was not liable to give such a bond. That is concluded by the judgment of the mayor, whose sentence is accordingly the eonviction of the party of the offence charged.
A violation of the provisions of these sections being thus an offence against the laws of the commonwealth, it falls of course within the class of misdemeanors under the first section of ch. 199, p. 750, which declares all offences to be either felonies or misdemeanors; and under the 15th section of ch. 212, p. 788, a negro convicted of a misdemeanor by a justice is entitled to appeal from the decision to the County or Corporation court; and it is the duty of the justice to grant such appeal, if the same be applied for.
The act has made no provision for the case of a refusal by the justice to grant an appeal, where the party is legally entitled to demand it, but he does not thereby lose the benefit of it, though he of course must resort to such remedy as the common law affords. That the mandamus is the rightful remedy, I have no doubt. This lies where there is a distinct legal right, and no other means of asserting it; and the case under consideration is precisely in that category. Here the party has a plain, unquestionable right to appeal from the sentence of the mayor, and that officer has no discretion in the matter. Unless his right to the appeal be asserted, there will be a failure of justice; and there.is no mode in which it can be asserted save by a resort to the general power possessed by the Circuit court to “ oblige all inferior courts and magistrates to execute that justice to which a party is entitled, and which they are enjoined to do by law; especially if it *297 be enjoined by statute.” That a mandamus will lie from the Circuit court to the justices of the County court, both as members of the court and individually in pais, is shown by numerous cases. Commonwealth v. Justices of Fairfax, 2 Va. Cas. 9; Dawson v. Thruston, 2 Hen. & Munf. 132; Branden v. Chesterfield Justices, 5 Call 548; Brown v. Crippen, 4 Hen. & Munf. 173; Harrison v. Justices of Norfolk, 2 Leigh 764; Manns v. Givens, 7 Leigh 689.
I think, therefore, the Circuit court erred in wholly refusing the prayer of the petition, and that it should have awarded a rule or a mandamus nisi, and upon the return thereof, should have proceeded to investigate the facts of the case, and if found substantially as stated in the petition, should have awarded a peremptory mandamus.
I am of opinion to reverse the judgment of the Circuit court, but without costs; the mayor not having-been summoned or otherwise made a party in the Circuit court, and regarding the proceeding hitherto as ex parte merely; and to remand the cause to the Circuit court, with directions to proceed in the manner above indicated.
The other judges concurred in the opinion of Lee, J.
The following is the judgment of the court:
The court is of opinion, that it is competent for this court to review the order of the Circuit court refusing said writ of mandamus, upon a writ of error or supersedeas; and if found erroneous, to reverse the same, and make such further order in the premises as shall be right and proper.
And the court is further of opinion, that the offence of a free negro in coming into this state and remain-, ing therein in violation of the 28th and 29th sections *298 of ch. 198 of the Code of Virginia, is a misdemeanor, for which he is liable to be prosecuted and punished in the manner provided by said 28th section.
And the court is further ©f opinion, that upon conviction of such a misdemeanor, the party is entitled, as of right, under the 15th section of ch. 213 of said Code, to an appeal to the court of the county or corporation in which such conviction was had: and that in the present case it was the duty of the said mayor to have allowed such appeal, if duly applied for, as alleged in the plaintiff’s petition to the said Circuit court.
And the court is further of opinion, that such appeal having been duly applied for and erroneously denied by said mayor, according to -the allegations and suggestions of the said petition, the petitioner had no other legal means to assert his right to the same save by mandamus, and that such writ of mandamus was the rightful remedy to be resorted to in the premises.
And the court is further of opinion, that the said Circuit court had full authority and jurisdiction to entertain said application, and -to award a mandamus nisi upon the filing of said petition; and upon due return thereof, if the facts of the case were, on proper investigation, found to be substantially as alleged in said petition, it was the duty of the said Circuit court to award a peremptory mandamus.
Wherefore the court is of opinion, that the order of the said court, wholly denying the prayer of said petition, is erroneous.
Therefoi’e, it is considered by the court, that the ■said order be reversed and annulled, but without .costs; the court being of opinion that the said mayor not having been' summoneí or otherwise made a party to the proceeding in the Circuit court, the proceeding in this court is to be regarded as in the nature of an ex parte proceeding on behalf of the petitioner, in *299 which the said mayor is no party nor liable for costs. And it is further ordered, that the cause be remanded to the said Circuit court, with directions to award a writ of mandamus nisi in the matter of said petition, and upon due return thereof, to take such further proceedings in the cause as justice and the rules of law shall require. Which is ordered to be certified to the said Circuit court.
Judgment reversed.